Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9019 | **DATE** | 3/16/2004 |
| **CASE TITLE** | JAMES E. KNIGHT vs. SCHNEIDER NATIONAL CARRIERS, INC., | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to remand is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 17 2004 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES E. KNIGHT, )
)
        Plaintiff, )
)
vs. ) No. 03 C 9019
)
SCHNEIDER NATIONAL CARRIERS, INC., )
a foreign corporation, SCHNEIDER )
NATIONAL LEASING, INC., a foreign )
corporation, and MARJIE THOMPSON, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff was allegedly injured during an incident involving a truck stuck under a viaduct. He sued, in state court, the driver and four Schneider corporations, claiming that one or more of them was the driver's employer. Defendants removed the case on the basis of diversity, and Judge Andersen remanded because the removal was too late.

But, actually, the removal was not tardy. One of the Schneider corporations was allegedly a "domestic" corporation, which we take to mean a corporation incorporated in Illinois. Thus there was not complete diversity and no right to remove. Plaintiff, back in state court, amended his complaint to drop the "domestic" corporation. That did result in complete diversity, and defendants removed the action once again, and this time within thirty days of the amendment. Plaintiff now moves to remand. That motion is denied.

The parties do not dispute that a defendant can remove a case based on diversity jurisdiction once a non-diversity party is no longer in the case and there is, as a result, complete diversity. That is what happened here. We are not privy to what happened before

Judge Andersen. If defendants then took the position that there was complete diversity, and were in error, perhaps plaintiff is entitled to some fees for having to contest a baseless removal petition. Defendants certainly had to know their own corporate citizenship. But why plaintiff did not note that one of the defendants was a "domestic" corporation is somewhat of a mystery. A baseless removal petition does not, however, trump a removal petition once there is complete diversity.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 16, 2004.