# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9019 | **DATE** | 6/22/2004 |
| **CASE TITLE** | JAMES E. KNIGHT vs. SSCHNEIDER NATIONAL CARRIERS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendant Marjie Thompson's motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 2 3 2004 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |

Document Number

21

Date/time received in central Clerk's Office mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JAMES E. KNIGHT,       )
                                 )
       Plaintiff,      )
                                 )
       vs.           )    No. 03 C 9019
                                 )
SCHNEIDER NATIONAL CARRIERS, )
INC., SCHNEIDER NATIONAL     )
LEASING, INC, and MARJIE      )
THOMPSON,               )
                                 )
       Defendants.   )

DOCKETED
JUN 23 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff James E. Knight brought this action against the defendants alleging negligence, and claiming that he suffered serious injuries to his left arm, wrist and shoulder. Defendant Marjie Thompson filed a motion to dismiss the claim against her (count III), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion is denied.

## BACKGROUND

The facts are taken from plaintiff's complaint. On January 12, 2001, defendant Thompson was driving a tractor-trailer leased by defendant Schneider National Carriers, Inc. from Schneider National Leasing, Inc. While traveling westbound on 55th Street in the City of Chicago, Thompson allegedly caused the vehicle to become wedged under a viaduct at 2140 West 55th Street. Approximately 12 hours later, the truck was still stuck under the viaduct and the plaintiff, a sergeant in the Chicago Police Department, was called to the scene. Upon arriving, Thompson told the plaintiff that she did not know how to free the truck from the

viaduct but that she had called her employer and a tow truck was on the way.

Thompson then asked plaintiff to help her free the truck and the plaintiff did so. At that time, defendant Thompson asked plaintiff to help her back the vehicle down a cross street so that she could turn it around. While trying to back the vehicle into a cross street, plaintiff exited the truck to check the clearance and was injured when the grab bar came loose, causing him to fall onto the pavement.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss, the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. <u>Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund</u>, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. <u>Ellsworth v. City of Racine</u>, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Defendant first claims that we should dismiss the claim against her because she owed no duty to plaintiff. To state a claim for negligence, the plaintiff must allege that defendant owed a duty to plaintiff, that defendant breached that duty, and that the breach was the proximate cause of plaintiff's injuries. <u>First Springfield Bank & Trust v. Galman</u>, 720 N.E.2d 1068, 1071 (Ill. 1999). Whether a duty to the plaintiff exists is a question of law, to be resolved by the court. <u>Friedman v. City of Chicago</u>, 777 N.E.2d 430, 432 (Ill. App. 1 Dist. 2002). Although defendant likely satisfied her statutory obligations as a truck driver, she was not exempt from a general duty as a driver to others on the road. Plaintiff was responsible for

maintaining and operating her vehicle in a safe manner so as not to damage other people or their property. This duty includes knowing how to avoid dangerous situations and how to remedy danger should she find herself in such a situation. Whether or not she breached this duty is a question of fact to be decided at a later stage.

Defendant next claims that we should dismiss the claim because plaintiff's injuries were not proximately caused by any wrongdoing. Unlike duty, the issue of proximate cause is a question of fact and generally reserved for the jury. First Springfield, 720 N.E.2d at 1071. The test that should be applied is whether the wrongdoing might reasonably have anticipated the ultimate result and the harm to the plaintiff. *Id.* In First Springfield, the plaintiff, acting on behalf of an estate, brought suit alleging negligence because defendant's employee illegally parked a vehicle. *Id.* at 1070. The deceased tried to go around the vehicle and cross the street but was struck and killed by another vehicle. *Id.* In reversing a jury decision the Illinois Supreme Court determined that while defendant's actions constituted a cause in fact of plaintiff's injuries, they were not the proximate cause. *Id.* at 1073. Instead, the court found that those actions merely created a condition for the injuries to occur. *Id.*

In doing so, however, the court cited approvingly to Scerba v. City of Chicago, 672 N.E.2d 312 (Ill. App. 1 Dist. 1996). In Scerba, a city bus driver improperly stopped his bus in the middle of a crosswalk, completely blocking it. *Id.* at 314. As a result, a boy was forced to cross the street by walking in front of the bus and, while doing so, was hit by a car. *Id.* The appellate court reversed summary judgment for the driver's employer, finding that a reasonable jury could have found the boy's decision to cross in front of the bus to be a foreseeable consequence of blocking the crosswalk. *Id.* at 316.

In light of the above holdings, defendant's motion is denied. We believe that it is

possible for a reasonable jury to find that plaintiff's injuries were a reasonably foreseeable

consequence of defendant's alleged negligence. The jury may conclude that one likely result

of getting a truck stuck under a viaduct was for someone to be injured while attempting to

help. Of course, a reasonable jury may also come to the opposite conclusion. At this stage,

however, plaintiff states a claim for relief.

### <u>CONCLUSION</u>

For the foregoing reasons, defendant Marjie Thompson's motion to dismiss is denied.


_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court


_June 22_ , 2004.